```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                          |
RONALD VENTURA,                           |
                                          |
                  Plaintiff,              |
                                          |
     - against -                          |
                                          |
AT&T CORP., COX COMMUNICATIONS, INC.,     |
COMCAST CABLE COMMUNICATIONS, INC.,       |  05 Civ. 5718 (LLS)
KLEINER PERKINS CAUFIELD & BYERS,         |
C. MICHAEL ARMSTRONG, MARK McEACHEN,      |  MEMORANDUM AND ORDER
FRANK IANNA, MOHAN GYANI, CHARLES H.      |
NOSKI, DANIEL H. SOMERS, JOHN C.          |
PETRILLO, L. JOHN DOERR, THOMAS A.        |
JERMOLUK, RAYMOND LIGUORI, JOHN C.        |
MALONE, BRIAN L. ROBERTS, EDWARD S.       |
ROGERS, DAVID WOODROW, and HOSSEIN        |
ESLAMBOLCHI,                              |
                                          |
                  Defendants.             |
-----------------------------------------X
```

Defendants' motion to dismiss the complaint is granted as follows:

1. <u>Federal Securities Fraud Claims</u>

Ventura's factual allegations and his claims for violations of sections 10(b) and 20(a) of the Securities Exchange Act and SEC Rule 10b-5 are substantively identical to those in the first amended consolidated class action complaint in <u>Leykin v. AT&T</u>, 02 Civ. 1765 (LLS) (filed Feb. 24, 2005; Dkt. No. 155), which was dismissed along with its predecessor and successor complaints by an opinion and order dated March 23, 2006, <u>see</u>

Leykin v. AT&T, 423 F. Supp. 2d 229, 249 (S.D.N.Y. 2006). Indeed, although defendants' arguments in Leykin are incorporated into their present motion, Ventura does not attempt to distinguish his allegations or federal claims from those in Leykin. Ventura's federal claims are dismissed for the reasons stated in Leykin, 423 F. Supp. 2d 229.

Ventura requests leave to replead based on arguments in footnotes in his June 5, 2006 and earlier briefs, in which he urges that his status as a holder, rather than a purchaser, is no obstacle to his claim, citing Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit, 126 S. Ct. 1503 (2006). Whatever the merits of that position, it is of no assistance to him for the dismissal of the Leykin claims did not rest upon the plaintiffs' status as either holders or purchasers. Ventura's speculation that he "may have" a claim based on unidentified "insider activities" is too vague to support a request to replead. See Hayden v. County of Nassau, 180 F.3d 42, 53 (2d Cir. 1999) ("where the plaintiff is unable to demonstrate that he would be able to amend his complaint in a manner which would survive dismissal, opportunity to replead is rightfully denied.").

## 2. Securities Litigation Uniform Standards Act

Ventura's state-law claims are not preempted by SLUSA because his lawsuit is not a "covered class action". 15 U.S.C.

§ 78bb(f)(5)(ii) defines that term as:

> any group of lawsuits filed in or pending in the same court and involving common questions of law or fact, in which—
>     (I) damages are sought on behalf of more than 50 persons; and
>     (II) the lawsuits are joined, consolidated, or otherwise proceed as a single action for any purpose.

This action is neither joined nor consolidated with the Leykin class action and has not proceeded with the Leykin actions "as a single action for any purpose."  On the contrary, under the September 12, 2005 stipulation and order, which postponed defendants' time to respond to the complaint until thirty-days after an order on the motions to dismiss Leykin, this case has been on a separate procedural track.  It is an individual, not a class action.  Compare In re Worldcom, Inc. Sec. Litig., 308 F. Supp. 2d 236, 240 n.6, 246 (S.D.N.Y. 2004) (lawsuits proceeded "as a single action for any purpose" under SLUSA where all plaintiffs filed joint motions or briefs on at least two occasions).

### 3. State-Law Claims

The only remaining basis for jurisdiction over Ventura's state-law claims is supplemental. (Compl. ¶ 10.)  "The district courts may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over

which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has instructed that "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988), citing United Mine Workers of Amer. v. Gibbs, 383 U.S. 715, 726-27, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966); accord Castellano v. Bd. of Tr. of Police Officers' Variable Supplements Fund, 937 F.2d 752, 758 (2d Cir. 1991).

Because all federal-law claims have been dismissed and this case is still in the pleading stage, the court declines to exercise supplemental jurisdiction over Ventura's state-law claims, which are dismissed without prejudice.

### 4. Conclusion

The Clerk of the Court will enter judgment dismissing the complaint, without prejudice to the state law claims.

So Ordered.

Dated: New York, NY
       September 13, 2006

                                    _____
                                    Louis L. Stanton
                                    U.S.D.J.